OPINION
Appellant, Danny A. Davis, appeals the judgment of the Lake County Court of Common Pleas, adjudicating him a sexual predator pursuant to R.C. Chapter 2950.
On July 18, 2000, by way of information, appellant was charged with three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). These charges stem from inappropriate sexual contact appellant had with his young niece. On September 13, 2000, the trial court accepted appellant's plea of guilty to all three counts. The trial court then referred the matter to the probation department for the preparation of a presentence investigation report, a psychiatric evaluation, and a victim impact statement.
Prior to sentencing, the matter came on for a hearing to determine whether appellant was a sexual predator. In a judgment entry dated October 18, 2000, the trial court found, by clear and convincing evidence, that appellant was a sexual predator as defined in R.C. 2950.01. Thereafter, the trial court sentenced appellant to one year in prison on each of the three counts of gross sexual imposition to be served concurrently.
Subsequent to the sexual predator hearing, the Supreme Court of Ohio released State v. Eppinger (2001), 91 Ohio St.3d 158, 166, explaining that the trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism" to aid the appellate courts in reviewing the evidence on appeal. See, also, State v. Pasko (Dec. 7, 2001), Lake App. No. 2000-L-067, unreported, 2001 Ohio App. LEXIS 5439, at 12.
It is from this judgment appellant appeals, submitting a single assignment of error for our consideration:
 "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
Before considering the merits of appellant's appeal, we must address a preliminary matter. Although not raised as an issue on appeal, we take notice of the fact that the trial court failed to state which factors under R.C. 2950.09(B)(2)(a)-(j) it found to support its determination that appellant was a sexual predator. The trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2)(a)-(j). State v. Cook (1998),83 Ohio St.3d 404, 426; State v. Randall (2000), 141 Ohio App.3d 160,165.
Further, when a trial court determines that an offender should be deemed a sexual predator, "that court has an obligation to state whichfactors under R.C. 2950.09(B)(2) it found to support the determination." (Emphasis added.) State v. Strickland (Dec. 22, 2000), Lake App. No. 98-L-013, unreported, 2000 Ohio App. LEXIS 6089, at 5. As to this point, we made the following observation in Randall:
 "Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. * * * Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry." (Citations omitted and emphasis added.) Id. at 165-166. See, also, State v. Swick
(Dec. 21, 2001), Lake App. No. 97-L-254, unreported, 2001 Ohio App. LEXIS 5857, at 27, fn. 6.
 "While a trial court has no specific obligation to delineate the underlying reasons why it found certain factors were applicable, it is required to reference the relevant factors either in its judgment entry or on the record during the `sexual predator' hearing." (Emphasis added.) Strickland at 5. See, also, State v. Swank (Dec. 21, 2001), Lake App. No. 98-L-049, unreported, 2001 Ohio App. LEXIS 5846, at 17.
With these principles in mind, we examine the record and judgment entry. A review of the transcript from the sexual predator hearing reveals that the trial court made the following statement:
 "Now, in determining that [appellant] is a Sexual Predator, I considered the report of Dr. Fabian in this matter as well as O.R.C. Section 2950.09, and adopt my findings and comments of the Prosecutor.
"* * *
 "I would exclude from my findings the comments the Prosecutor made regarding cruelty. I don't believe cruelty is appropriate here. I think everything else Mr. Hackman [the prosecutor] said I do agree with." (Emphasis added.)
Although the trial court attempted to adopt the comments of the prosecutor as his finding, this is insufficient. The trial court must make an independent review of the factors set forth in R.C. 2950.09(B)(2) and "provide a `general discussion' of the relevant criteria so that an appellate court can conduct a meaningful review of the decision." Swick at 27, fn. 6. While this may be viewed as merely a procedural technicality, it is, nonetheless, an important requirement for purposes of appellate review.
Likewise, in the October 18, 2000 judgment entry, the trial court failed to discuss any of the R.C. 2950.09(B)(2) factors. Instead, the court explained that it had relied on the presentence investigation report and psychological evaluation:
 "The Court considered the presentence report and evaluation of the Lake County Psychiatric Clinic, along with the factors set forth in R.C. Section 2950.09(B)(2). In consideration of the foregoing, and for the reasons stated on the record, the Court hereby finds by clear and convincing evidence that the defendant is a Sexual Predator, as defined in R.C. Section 2950.01."
While the trial court indicated that it considered the factors contained in R.C. 2950.09(B)(2), the court failed to make an independent reference to those factors it found to support its determination that appellant should be adjudicated a sexual predator. As such, we are precluded from addressing appellant's manifest weight of the evidence argument.
Finally, we note that an appellate court does not apply a de novo
standard of review when considering whether an offender is a sexual predator. Instead, the manifest weight of the evidence standard is applicable. Randall at 165. The significance is that we, as an appellate court, cannot review the record of evidence available to the trial court and draw our own conclusions as to weight and credibility. Rather, we must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. To that end, we determine that a blanket incorporation of various reports and comments by the prosecutor may address credibility, but it does not address weight. Thus, the requirements of Eppinger and Randall remain unsatisfied.
Accordingly, the judgment of the trial court is reversed, and the matter is remanded for the trial court to provide independent findings to support its determination. Our decision, however, should not be construed to express any view as to whether appellant is a sexual predator.
FORD, P.J., GRENDELL, J., concur.